# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| | § | |
| OPTi INC. | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | **Civil Action No. 2:10-CV-279-TJW** |
| | § | |
| SILICON INTEGRATED SYSTEMS | § | **JURY TRIAL DEMANDED** |
| CORP. AND VIA TECHNOLOGIES, | § | |
| INC. | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |
| | § | |

---

## PLAINTIFF'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

---

Plaintiff OPTi Inc. ("OPTi'"), by and through its undersigned counsel, for its amended complaint herein against Silicon Integrated Systems Corp. including the parent company in Taiwan and Via Technologies, Inc., including the parent company in Taiwan (collectively, "Defendants") alleges as follows:

# I.      THE PARTIES

1.      Plaintiff OPTi is a corporation organized and existing under the laws of the State of California with its principal place of business at 3430 W. Bayshore Rd., Suite 103, Palo Alto, CA 94303.   OPTi is the owner of United States Patent No. 5,710,906 entitled "Predictive Snooping of Cache Memory for Master-Initiated Accesses" (the "'906 patent") and United States Patent No. 6,405,291 entitled "Predictive Snooping of Cache Memory for Master-Initiated Accesses" (the "'291 patent").

2.      Upon information and belief, Defendant Silicon Integrated Systems Corp. is a corporation organized and existing under the laws of the state of California and that maintained a place of business at 3303 Octavius Drive, Suite 102, Santa Clara, CA 95054 ("SIS America"). SIS America is a corporation registered to do business in the state of California, and has a registered agent located at 838 North Hillview Drive, Milpitas, CA 95035.

3.      Upon information and belief, Defendant Silicon Integrated Systems Corp. is the parent company of SIS America, and is a Taiwan corporation  with its principal place of business at No. 180, Sec. 2, Gongdaowu Rd., Hsin-Chu, Taiwan 300, Republic of China, Taiwan ("SIS Taiwan").  Upon information and belief, SIS Taiwan has responsibilities for United States sales.

4.      Upon information and belief, Defendant Via Technologies, Inc. is a corporation organized and existing under the laws of the State of California with its principal place of business at 940 Mission Court, Fremont, CA  94539 ("VIA America").   VIA America is registered to do business in the state of Texas.

5.      Upon information and belief, Defendant Via Technologies, Inc. is the parent company of VIA America, and is a Taiwan corporation with its principal place of business at 1F,

531, Zhongzheng Rd. Xindian District, New Taipei City 231, Republic of China, Taiwan ("VIA Taiwan").

## II.     JURISDICTION AND VENUE

6.     This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 271.

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.     Venue is proper in this judicial district under 28 U.S.C. §§ 139l(b) and l400(b).

## III.     PATENT INFRINGEMENT

9.     Plaintiff realleges paragraphs 1 through 8 above as if fully set forth herein.

10.     On January 20, 1998, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '906 patent.  The '906 patent was assigned to OPTi and OPTi holds all right, title and interest in and to the '906 patent.  A copy of the '906 patent is attached hereto as Exhibit 1.

11.     On June 11, 2002, the USPTO duly and legally issued the '291 patent.  The '291 patent was assigned to OPTi and OPTi holds all right, title and interest in and to the '291 patent.  A copy of the '291 patent is attached hereto as Exhibit 2.

12.     SIS America, in violation of 35 U.S.C. § 27l(a), directly infringed and is directly infringing one or more claims of the '906 and '291 patents (the "Presnoop Patents") by making, causing to be made, using, importing, selling and/or offering to sell within the United States, including in this judicial district, products that infringe and/or whose operation infringes one or more claims of the Presnoop Patents.  Such products include but are not limited to the SiS964 Southbridge, which are sold for use on motherboards and in servers, workstations, and/or

microcomputers.

13.     SIS America, in violation of 35 U.S.C. § 27l(b), has actively and knowingly induced and is actively and knowingly inducing the direct infringement of the Presnoop Patents by third parties who are making, using, importing, selling, and/or offering for sale in this judicial district servers, workstations, microcomputers, and motherboards that that infringe and/or whose operation infringes one or more claims of the Presnoop Patents.

14.     SIS America, in violation of 35 U.S.C. § 27l(c), contributorily infringes the Presnoop Patents by making, using, importing, selling, and/or offering for sale in this judicial district products that include the aforementioned core logic chipsets which constitute a material part of servers, workstations, microcomputers, and motherboards that infringe and/or whose operation infringes one or more claims of the Presnoop Patents.

15.     Upon information and belief, SIS America had and has actual notice of the Presnoop Patents, and SIS America has infringed and is infringing the Presnoop Patents with knowledge of OPTi's patent rights, without a reasonable basis for believing that SIS America's conduct is lawful.  SIS America's acts of infringement have been and are willful and deliberate.

16.     SIS Taiwan, in violation of 35 U.S.C. § 27l(a), directly infringed and is directly infringing one or more claims of the Presnoop Patents by making, causing to be made, using, importing, selling and/or offering to sell within the United States, including in this judicial district, products that infringe and/or whose operation infringes one or more claims of the Presnoop Patents.  Such products include but are not limited to the SiS964 Southbridge, which are sold for use on motherboards and in servers, workstations, and/or microcomputers.

17.     SIS Taiwan, in violation of 35 U.S.C. § 27l(b), has actively and knowingly induced and is actively and knowingly inducing the direct infringement of the Presnoop Patents

by third parties who are making, using, importing, selling, and/or offering for sale in this judicial district servers, workstations, microcomputers, and motherboards that that infringe and/or whose operation infringes one or more claims of the Presnoop Patents.

18.     SIS Taiwan, in violation of 35 U.S.C. § 27l(c), contributorily infringes the Presnoop Patents by making, using, importing, selling, and/or offering for sale in this judicial district products that include the aforementioned core logic chipsets which constitute a material part of servers, workstations, microcomputers, and motherboards that infringe and/or whose operation infringes one or more claims of the Presnoop Patents.

19.     Upon information and belief, SIS Taiwan had and has actual notice of the Presnoop Patents, and SIS Taiwan has infringed and is infringing the Presnoop Patents with knowledge of OPTi's patent rights, without a reasonable basis for believing that SIS Taiwan's conduct is lawful.  SIS Taiwan's acts of infringement have been and are willful and deliberate.

20.     VIA America, in violation of 35 U.S.C. § 27l(a), directly infringed and is directly infringing one or more claims of the Presnoop Patents by making, causing to be made, using, importing, selling and/or offering to sell within the United States, including in this judicial district, products that infringe and/or whose operation infringes one or more claims of the Presnoop Patents.  Such products include but are not limited to the VT8237A Southbridge, which are sold for use on motherboards and in servers, workstations, and/or microcomputers.

21.     VIA America, in violation of 35 U.S.C. § 27l(b), has actively and knowingly induced and is actively and knowingly inducing the direct infringement of the Presnoop Patents by third parties who are making, using, importing, selling, and/or offering for sale in this judicial district servers, workstations, microcomputers, and motherboards that that infringe and/or whose operation infringes one or more claims of the Presnoop Patents.

22.     VIA America, in violation of 35 U.S.C. § 271(c), contributorily infringes the Presnoop Patents by making, using, importing, selling, and/or offering for sale in this judicial district products that include the aforementioned core logic chipsets which constitute a material part of servers, workstations, microcomputers, and motherboards that infringe and/or whose operation infringes one or more claims of the Presnoop Patents.

23.     Upon information and belief, VIA America had and has actual notice of the Presnoop Patents, and VIA America has infringed and is infringing the Presnoop Patents with knowledge of OPTi's patent rights, without a reasonable basis for believing that VIA America's conduct is lawful.  VIA America's acts of infringement have been and are willful and deliberate.

24.     VIA Taiwan, in violation of 35 U.S.C. § 271(a), directly infringed and is directly infringing one or more claims of the Presnoop Patents by making, causing to be made, using, importing, selling and/or offering to sell within the United States, including in this judicial district, products that infringe and/or whose operation infringes one or more claims of the Presnoop Patents.  Such products include but are not limited to the VT8237A Southbridge, which are sold for use on motherboards and in servers, workstations, and/or microcomputers.

25.     VIA Taiwan, in violation of 35 U.S.C. § 271(b), has actively and knowingly induced and is actively and knowingly inducing the direct infringement of the Presnoop Patents by third parties who are making, using, importing, selling, and/or offering for sale in this judicial district servers, workstations, microcomputers, and motherboards that that infringe and/or whose operation infringes one or more claims of the Presnoop Patents.

26.     VIA Taiwan, in violation of 35 U.S.C. § 271(c), contributorily infringes the Presnoop Patents by making, using, importing, selling, and/or offering for sale in this judicial district products that include the aforementioned core logic chipsets which constitute a material

part of servers, workstations, microcomputers, and motherboards that infringe and/or whose operation infringes one or more claims of the Presnoop Patents.

27.     Upon information and belief, VIA Taiwan had and has actual notice of the Presnoop Patents, and VIA Taiwan has infringed and is infringing the Presnoop Patents with knowledge of OPTi's patent rights, without a reasonable basis for believing that VIA Taiwan's conduct is lawful.  VIA Taiwan's acts of infringement have been and are willful and deliberate.

## IV.  PRAYER FOR RELIEF

WHEREFORE, OPTi prays for judgment against the Defendants as follows:

A.      Adjudging that the '906 and '291 patents are valid and enforceable;

B.      Adjudging that each of the defendants has infringed and is infringing the '906 and '291 patents;

C.      Adjudging that each of the defendants has induced and is inducing others to infringe the '906 and '291 patents;

D.      Adjudging that each of the defendants has contributorily infringed and is contributorily infringing the '906 and '291 patents;

E.      Adjudging that each of the defendants has willfully infringed and is willfully infringing the '906 and '291 patents;

F.      Awarding OPTi damages or other monetary relief, including prejudgment interest, for defendants' infringement.

G.      Trebling the damages awarded to OPTi, as provided by 35 U.S.C. § 284, against the defendants.

H.      Declaring this an exceptional case and awarding OPTi attorneys' fees, as provided by 35 U.S.C. § 285; and

I.     Enjoining each of the defendant's ongoing direct and contributory infringement of the '906 and '291 patents and each of the defendant's inducement of infringement of the '906 and '291 patents by others;

J.     Awarding OPTi such other and further relief as this Court may deem just and proper.

## V.  DEMAND FOR JURY TRIAL

OPTi hereby demands that all issues be determined by jury.

Dated:  May 18, 2011             Respectfully submitted,

/s/ Sam Baxter

Samuel F. Baxter
MCKOOL SMITH, P.C.
104 East Houston Street, Suite 300
Marshall, Texas  75670
Phone:  (903) 923-9000
Fax:  (903) 923-9099
sbaxter@mckoolsmith.com

Jason Cassady
MCKOOL SMITH, P.C
300 Crescent Court
Suite 1500
Dallas, Texas  75201
Phone:  (214) 978-4016
Fax:  (903) 978-4044
jacasssady@mckoolsmith.com

Michael L. Brody
Taras A. Gracey
J. Ethan McComb
Eric J. Mersmann
WINSTON & STRAWN, LLP
35 West Wacker Drive
Chicago, Illinois 60601
Phone: (312) 558-5600
Fax: (312) 558-5700
mbrody@winston.com
tgracey@winston.cm
emccomb@winston.com
emersmann@winston.com

**ATTORNEYS FOR OPTI, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of May 2011, a copy of the foregoing document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).

/s/ Sam Baxter