# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| OPTi, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> VIA TECHNOLOGIES, INC. AND VIA TECHNOLOGIES, INC. (TAIWAN), <br><br> *Defendants*. | CASE NO. 2:10-CV-00279-JRG |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff OPTi, Inc.'s ("OPTi") Motion for a New Trial on Willfulness (Dkt. No. 312). OPTi requests a new trial on the issue of willfulness under Federal Rule of Civil Procedure 59(a). For the reasons set forth below, the Court finds that OPTi's motion should be **DENIED**.

### I. BACKGROUND

OPTi brought suit against Defendants VIA Technologies, Inc. and VIA Technologies, Inc.'s (Taiwan) (collectively "VIA") in this Court alleging direct, indirect, and willful infringement of United States Patent Nos. 5,710,906 ("the '906 Patent") and 6,405,291 ("the '291 Patent"). The patents-in-suit relate to cache memory, which is a special, temporary memory that can be used, for example, with a central processing unit ("CPU"). On January 15, 2013, the Court granted the parties joint motion to dismiss all claims and counterclaims regarding the '291 Patent. (*See* Dkt. No. 166.) A jury trial on infringement of the '906 Patent was held beginning May 28, 2013. The jury returned a unanimous verdict on May 31, 2013. The

jury found that VIA directly infringed the '906 Patent; that VIA induced infringement of the '906 Patent; that the '906 Patent was not invalid; and that VIA had not willfully infringed the '906 Patent. The jury also found damages in the amount of $2,111,905.40.

At the conclusion of the jury trial, the Court held a bench trial to hear further evidence regarding VIA's defenses of laches and equitable estoppel. On August 19, 2013, the Court entered a Memorandum Opinion and Order denying such defenses (Dkt. No. 303). The Court entered final judgment in this case on September 9, 2013 (Dkt. No. 308).

## II. LEGAL STANDARD

Under Rule 59(a) of the Federal Rules of Civil Procedure, a new trial can be granted to any party to a jury trial on any or all issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612-13 (5th Cir. 1985). The Court must view the evidence "in a light most favorable to the jury's verdict, and [] the verdict must be affirmed unless the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable persons could not arrive at a contrary conclusion." *Dawson v. Wal-Mart Stores, Inc.*, 978 F.2d 205, 208 (5th Cir. 1992).

A finding of willful infringement allows an award of enhanced damages under 35 U.S.C. § 284. Willful infringement may only be established if the patentee shows "that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). After the objective standard has been met, the patentee must also establish that "this objectively-defined risk . . . was

2

either known or so obvious that it should have been known to the accused infringer." *Id.* Though objective reasonableness is an issue of law for the Court to decide, facts underlying an analysis of willfulness may and often are found by the jury. *Id.* at 1005-09. Generally, an accused infringer who relies on a reasonable defense to a charge of infringement will not meet the "objective" prong of the *Seagate* standard. *See Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1319 (Fed. Cir. 2010).

**III.     ANALYSIS**

OPTi appears to make two separate arguments for granting its request for a new trial.

A. *Consistency of the Jury's Verdict*

First, it argues that the jury's verdict is internally inconsistent, and demands a new trial. OPTi argues that, because the jury found that VIA induced infringement of the '906 Patent, and because a finding of induced infringement implies that "VIA intentionally wanted to cause infringement of the '906 Patent," it necessarily follows that the jury found that VIA possessed the requisite *scienter* for a finding of willfulness.

VIA raises several arguments for why OPTi's argument fails, but the simplest is best: the jury was asked to make its finding on induced infringement using a preponderance of the evidence standard of proof (Dkt. No. 274). On the issue of willfulness, the jury was asked whether OPTi had proven VIA's willfulness by clear and convincing evidence. *Id.* Even taking for granted OPTi's assertion that the mental state necessary for finding induced infringement is necessarily sufficient for a finding of willfulness (a proposition on which this Court makes no ruling), there remains an obvious, internally consistent interpretation of the jury's verdict: OPTi proved that mental state by a preponderance of the evidence, but not by clear and convincing evidence.

OPTi's argument on the ground of internal consistency is thus not sufficient to support a motion for new trial.

### B. *Weight of the Evidence*

OPTi also argues that the evidence in this case establishes unequivocally that VIA willfully infringed the '906 Patent. OPTi suggests that its evidence unequivocally establishes that (a) VIA was on notice of the '906 Patent at least as early as 1998; (b) that, being on notice of the '906 Patent, VIA knew that its products infringed; and (c) that VIA's defense of invalidity was unreasonable or in bad faith, such that it did not support a finding of no willfulness. OPTi relies on the testimony of its own expert, Dr. Alan J. Smith, that it was "essentially impossible" that VIA's 505 chip anticipated the '906 Patent (Dkt. No. 312, at 4).

However, there is ample evidence in the record to support a finding of no willfulness. The record indicates that VIA, having been informed of the '906 Patent, VIA investigated whether its products infringed as alleged (Dkt. No. 322-3, at 48-79). VIA's Chief Technology Officer, Mr. Jiin Lai, testified that he performed extensive testing of a VIA product that anticipated the relevant claim of the '906 Patent. Mr. Lai testified that he recreated conditions using a prior art VIA product that OPTi's attorneys had suggested were sufficient to anticipate the '906 Patent. *Id.* Mr. Lai's testimony is more than sufficient to support the conclusion that VIA had *both* an objectively reasonable defense to OPTi's charge of infringement *and* an actual good-faith belief in that defense.

### IV. CONCLUSION

Because the jury's verdict of no willfulness is neither inconsistent nor against the weight of the evidence, OPTi's motion (Dkt. No. 312) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 4th day of August, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE