# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| OPTI INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| | § | CIVIL ACTION NO. 2:10-CV-00279-JRG |
| VIA TECHNOLOGIES, INC. AND | § | |
| VIA TECHNOLOGIES, INC. (TAIWAN), | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff OPTi, Inc.'s ("OPTi") Rule 59(e) Motion to Amend the Court's September 9, 2013 Final Judgment. The Defendants VIA Technologies, Inc. and VIA Technologies, Inc. (Taiwan) (collectively, "VIA") oppose the Motion. For the reasons set forth below, OPTi's Rule 59(e) Motion to Amend (Dkt. No. 311) is **DENIED**.

## BACKGROUND

A jury trial was held in this case beginning on May 28, 2013. Dkt. No. 281. The jury returned a unanimous verdict on May 31, 2013. Dkt. No. 274. At the conclusion of the jury trial, the Court held hearings regarding further evidence presented solely with respect to VIA's defenses of laches and equitable estoppel. On August 19, 2013, the Court entered a Memorandum Opinion and Order denying such defenses. Dkt. No. 303. On September 9, 2013, the Court entered Final Judgment, finding that (1) VIA infringed a claim of the asserted patent; (2) VIA induced infringement of the same claim; (3) the claim was not invalid; (4) VIA's infringement was not willful; (5) OPTi was entitled to recover the amount announced in the jury verdict; (6) pursuant to 35 U.S.C. § 284, OPTi was entitled to pre-judgment interest; (7) pursuant to Rule 54(d), OPTi was entitled to costs, and (8) pursuant to 28 U.S.C. § 1961, OPTi was entitled to post-judgment

interest. Dkt. No. 308.

On September 20, 3013, after Final Judgment was entered, OPTi moved to amend the Final Judgment under Federal Rule of Civil Procedure 59(e), asking the Court (for the first time) to impose ongoing royalties pursuant to 35 U.S.C. §§ 283–284. *See* Dkt. No. 311. The threshold question this Court must decide is whether Federal Rule of Civil Procedure 59(e) is a proper mechanism to raise the issue of ongoing royalties in this situation.

## APPLICABLE LAW

In patent cases, for purely procedural questions under Rule 59, the Federal Circuit applies the law of the regional circuit where the district court sits. *Bettcher Indus., Inc. v. Bunzl USA, Inc.*, 661 F.3d 629, 638 (Fed. Cir. 2011). The Fifth Circuit has held "that [a Rule 59(e)] motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). The Fifth Circuit "has identified two important judicial imperatives relating to such a motion: 1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts." *Id.* at 479. According to Fifth Circuit case law, a district court is justified in using its discretion to grant a Rule 59(e) motion in the following situations: (1) "allowing a party to correct manifest errors of law or fact;" (2) "to present newly discovered evidence;" and (3) "when there has been an intervening change in the controlling law." *Id.*; *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). As a result, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

2

## DISCUSSION

The threshold question presented by the parties is whether Rule 59(e) is the proper procedural mechanism for granting ongoing royalties in a patent infringement action when they have not previously been raised. Dkt. No. 330 at 3. VIA argues that OPTi filed its ongoing royalties motion too late, suggesting that ongoing royalties should be raised as an issue before final judgment is entered. *Id.* at 4. OPTi, on the other hand, cites to the language of Rule 59(e)[1] and argues that nothing in the case law prevents it from bringing a motion for ongoing royalties after judgment has been entered. Dkt. No. 343 at 2 & n.1. Neither OPTi nor VIA have provided this Court with a case where the plaintiff moved for ongoing royalties under Rule 59(e). Further, neither OPTi nor VIA cites a case where a motion for ongoing royalties was either granted or denied under Rule 59(e). *See* Dkt. No. 343 at 2. Accordingly, this Court looks to Fifth Circuit case law concerning Rule 59(e) in other situations to determine whether this Circuit's precedent justifies using Rule 59(e) as a proper mechanism through which to grant a request for ongoing royalties.

The Fifth Circuit has stated, "A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (internal quotation marks omitted). In its motion, OPTi does not allege that the final judgment was incorrect. Dkt. No. 343 at 2 & n.1. Instead, OPTi argues that the judgment wholly omitted the issue of ongoing royalties. *Id.* That said, it is undisputed that OPTi did not request ongoing royalties until after final judgment was entered. This Court is both bound and guided by the precedent of the Fifth Circuit, which has clearly stated that a Rule 59(e) "motion is not the proper vehicle for

---

1 Rule 59(e) merely states, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). OPTi filed its motion 11 days after entry of final judgment.

rehashing . . . legal theories or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478–79. The question that the Court must answer is whether ongoing royalties is an argument or legal theory which could have been offered or raised before the entry of judgment. The Court concludes that it is.

In *Mondis Tech, Ltd. v. Chimei Innolux Corp.*, No. 2:07-cv-565 (E.D. Tex. June 27, 2011), the plaintiff moved for ongoing royalties after the jury verdict was entered but before final judgment was entered. *Id.* In *Mondis*, the jury verdict was entered on June 27, 2011, the plaintiff filed a motion for ongoing royalties on August 4, 2011, and the Court entered final judgment on August 30, 2011. *Id.* There the Court chose to sever the ongoing royalties issue into a new case, ordering an evidentiary hearing and new briefing on the ongoing royalties issue. *Id.* As noted by both parties, however, the ongoing royalties issue was raised and addressed before final judgment was entered.

As another example, in *Affinity Labs of Tex., LLC v. BMW N. Am., LLC*, No. 9:08-cv-164 (E.D. Tex. Oct. 28, 2010), the same procedure was followed. On December 13, 2010 the plaintiff filed a motion asking for a permanent injunction. *Id.* On March 28, 2011, the Court denied the plaintiff's request for an injunction but ordered the defendant to pay an ongoing royalty. *Id.* On April 12, 2011, the Court entered final judgment. *Id.*

These two cases show that the issue of ongoing royalties is a "legal theor[y] or argument[] that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478–79. Accordingly, this Court is forced to conclude that the issue of ongoing royalties cannot be raised for the first time after a final judgment is entered.

OPTi, for its part, argues that a motion for ongoing royalties made under Rule 59(e) is

4

fundamentally different than a motion to reconsider the final judgment under Rule 59(e), and therefore the policy justification that otherwise would counsel against a motion to reconsider nevertheless applies to a motion for ongoing royalties. *See* Dkt. No. 343 at 2 & n.1. The reason for this, OPTi argues, is that a motion for ongoing royalties is a motion for *post-judgment* royalties, so it makes sense for the motion itself to come after entry of final judgment. Dkt. No. 343 at 2. In its effort to remove the strict standard encasing Rule 59(e), OPTi argues that "a motion for ongoing royalties seeks prospective relief rather than trying to undo something from the past." Dkt. No. 343 at 2.

Although the Court agrees with OPTi that a motion for ongoing royalties is a *post-trial* motion, the Court is not persuaded that it should bypass controlling law regarding Rule 59(e), which distinguishes between post-trial and post the entry of judgment. Characterizing an omission of a legal theory as "seek[ing] prospective relief" does not change the reality that the Court, ultimately, would have to amend, alter, or change its final judgment to grant the relief requested by OPTi. OPTi has made no showing that its factual situation—under the Fifth Circuit's effort to balance the "two important judicial imperatives relating to [a Rule 59(e)] motion: 1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts," *Templet*, 367 F.3d at 479—justifies a departure from the controlling law. All the facts could have been presented to the Court before entry of final judgment, and there is a need to bring the litigation to an end.[2] *Id.* As a result, amending or changing a final judgment, whether to add something omitted or change something explicitly ruled upon, cuts against both of these two important judicial imperatives. As the Circuit has counseled, "[r]econsideration of a

---

2 For example, a motion under Rule 59(e) suspends the time for filing a notice of appeal. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Suspending the time for appeal further delays the imposition of justice and cuts against the articulated policy of "bring[ing] litigation to an end." *Templet*, 367 F.3d at 479.

5

judgment after entry is an extraordinary remedy that should be used sparingly" —whether it adds omitted relief or reconsiders an explicit ruling. *Id.* The Court declines to invoke such an extraordinary remedy in this circumstance.

Having considered Rule 59(e) and the cases discussing this rule by the Circuit, the Court finds that OPTi's motion does not constitute one of the situations that justify granting a motion to amend. OPTi has not alleged (1) "manifest errors of law or fact;" (2) "newly discovered evidence;" or (3) "an intervening change in the controlling law." *Templet*, 367 F.3d at 479; *Schiller v. Physicians Resource Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). Accordingly, the Court **DENIES** OPTi's Motion to Amend the Final Judgment under Rule 59(e) (Dkt. No. 311).

## CONCLUSION

The Court's opinion that Rule 59(e) is not the proper procedural mechanism to raise the issue of ongoing royalties does not leave the plaintiff without recourse. Should it choose to do so, OPTi is not prejudiced from filing a second patent infringement action against VIA, alleging infringement from and after the end of the period considered by the jury and going forward from that point; however, Rule 59(e) does not afford such a post-judgment recovery in this case and under these circumstances.

**So ORDERED and SIGNED this 30th day of January, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE